United States District Court
Southern District of Texas
**ENTERED**
September 13, 2017
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

FILED
SEP 13 2017
Clerk of Court

| | | |
|---|---|---|
| OMAR ERNESTO MOLANO<br>Petitioner | § § § § | |
| vs. | § | MISC. ACTION NO. M-16-614 |
| WARDEN JOE PRYOR<br>Respondent | § § § § | |

## REPORT & RECOMMENDATION

Petitioner, proceeding pro so, has moved for permission to proceed *in forma pauperis* ("IFP") and tendered a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This miscellaneous action was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

In his habeas petition, Petitioner moves the Court to modify his current sentence for illegal reentry to time-served in order to compensate for the extra time he has had to serve due to the enhancement of his sentence based on a prior federal conviction in 2008 and in light of the additional sentence imposed for the revocation of his supervised release in that prior case, due to the illegal reentry. (*See* Dkt. Entry No. 1 at 8.)

After a review of the record and relevant law, the undersigned respectfully recommends that Petitioner's IFP application and petition under § 2241 be **DISMISSED** without prejudice for want of prosecution and for failure to comply with a court order and the local rules. It is further recommended that this miscellaneous action be closed.

1

## I. BACKGROUND

Petitioner tendered his IFP application and section 2241 petition in April 2016. Petitioner has not maintained communication with the Court since filing this miscellaneous action. Accordingly, in April 2017, the undersigned ordered Petitioner to file a statement indicating whether or not he still wished to pursue this action. Petitioner did not reply to the order, and it was returned as undeliverable.

## II. APPLICABLE LAW & FINDINGS

Under Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630–31 (1962)); *see* Fed. R. Civ. P. 41(b) (discussing involuntary dismissal of actions). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link*, 70 U.S. at 629–31.

The undersigned finds that Petitioner's IFP application and section 2241 petition should be dismissed without prejudice for the following reasons. Petitioner did not respond to the order issued by the undersigned, which warned Petitioner that a failure to comply with the Court's order may result in dismissal of his action. He has not communicated with the Court regarding this case since he filed it. He has not provided a current address to the Clerk of the Court, and his mail is being returned as undeliverable.

The combination of Petitioner's lack of communication and failure to comply with the order the undersigned issued and the local rule requiring him to maintain a current address with the Court provides an adequate basis for dismissal of Petitioner's IFP application and § 2241 petition without

prejudice for want of prosecution and for failure to comply with a court order and the local rules. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal without prejudice of prisoner's action for want of prosecution where the litigant was given four months to respond to a court order, yet failed to do so, and the court warned the litigant that failure to respond could result in dismissal). Moreover, a sanction less drastic than dismissal is futile at this point because Petitioner has not informed the Court of his current address.

## III. CONCLUSION

### *Recommended Disposition*

After careful review of the record and applicable law, the undersigned respectfully recommends that Petitioner's IFP application and § 2241 petition be **DISMISSED** without prejudice for the reasons explained in this Report. It is also recommended that this miscellaneous action be closed.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof.

The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Petitioner by any receipted means.

**DONE** at McALLEN, Texas, this 13th day of September, 2017.

_____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE